UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 15-cr-20597

v.        Honorable Thomas L. Ludington

D-1 DANIEL JASON HARRINGTON,

        Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO COMPEL, DENYING MOTION TO EXCLUDE, AND DENYING MOTION TO SEVER**

The Government indicted Daniel Jason Harrington on September 23, 2015 and charged him with three counts of violating the United States drug laws, including a charge of conspiring to distribute methamphetamine. Indict., ECF No. 1. Harrington was charged with a codefendant, Michael Eugene Foster. On December 9, 2015, Harrington moved to compel the Government to identify certain statements made by Harrington's alleged coconspirators. Def.'s Mot. Compel, ECF No. 19. He also moved to exclude certain "other acts" evidence that the Government may introduce under Federal Rule of Evidence 404(b). Def.'s Mot. Exclude, ECF No. 21. That same day, the Government handed down its first superseding indictment. Supers. Indict., ECF No. 22.

By April 13, 2016, the Government had handed down two more superseding indictments against Harrington. *See* Second Supers. Indict., ECF No. 40; Third Supers. Indict., ECF No. 54. The Third Superseding Indictment added another defendant to the case: Juan Gabriel Morfin. Michael Foster, Harrington's original codefendant, pled guilty on January 8, 2016.

After the Third Superseding Indictment was issued, Harrington moved to sever his trial from the trial of Defendant Morfin. He argued that they would present mutually antagonistic

defenses that required separate trials. All three motions filed by Harrington were heard on May 10, 2016.

## I.

The Third Superseding Indictment charges Harrington and Morfin with participating in a conspiracy to distribute methamphetamine from approximately winter of 2013 until September of 2015.[1] The two would distribute methamphetamine by having Morfin ship packages containing the substance from California to Harrington in Michigan. Harrington would compensate Morfin for the shipments through wire transfer. Harrington would also sometimes travel to California in a rental car to obtain methamphetamine.

Harrington was arrested on August 6, 2014. Following his arrest he offered to cooperate with law enforcement. According to the Government, Harrington did not fully cooperate but independently continued his drug enterprise. This included making additional trips to California and other Michigan locations to retrieve packages of methamphetamine. Harrington also, according to the Government, received six more shipments of methamphetamine, his preferred method of acquiring the drug from Morfin.

## II.

First, Harrington moves to compel the Government to "identify any statements it intends to introduce under the authority of [Federal Rule of Evidence] 801(d)(2)(E) (coconspirators' statements)." Def.'s Mot. Compel, ECF No. 19. Harrington labels his motion one to compel, but he also seeks to challenge the admissibility of those statements in advance of trial. Since he seeks to compel the statements, he does not know at this time what those statements are.

Evidence admitted under Federal Rule of Evidence 801(d)(2)(E) must be admitted conditionally under Federal Rule of Evidence 104(a) in order to be used at trial. *See United*

---

[1] The indictment also charges the two with other, related drug crimes.

*States v. Enright*, 579 F.2d 980, 984 (6th Cir. 1978) (holding that Rule 104(a), not (b) governs preliminary determinations of the admissibility of hearsay). Rule 104(a) provides that "the court must decide any preliminary question about whether . . . evidence is admissible." In *Enright*, the Sixth Circuit set forth the test for determining whether co-conspirator hearsay statements are conditionally admissible.

> Under the *Enright* test, before a statement by a co-conspirator can be admitted as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E), the party offering it must show by a preponderance of the evidence that (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator's statements were made in furtherance of the conspiracy.

*United States v. Ervin*, 266 F. App'x 428, 433-434 (6th Cir. 2008). The government carries the burden of showing that this initial proof is satisfied. *Id*. *Enright* contemplates this determination being made by the Court prior to trial. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). The benefit of the *Enright* procedure is that it results in a definitive determination of admissibility. It also "avoids 'the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.'" *Vinson*, 606 F.2d at 152-53 (quoting *United States v. Macklin*, 573 F.2d 1046, 1049 n. 3 (8th Cir. 1978))

But there are drawbacks to the preliminary *Enright* determination. One of them is that the determination "may also coincide with an ultimate question of fact for the jury" as it does here. *Enright*, 579 F.2d at 986. The *Enright* court thought this an acceptable risk but the *Vinson* court advised that it is "not . . . appropriate to set forth hard and fast procedures" regarding the order of proof at trial. *Vinson*, 606 F.2d at 152. As such, *Vinson* contemplated three different procedures for handling hearsay. A district court judge may do so "(a) after the government has established the conspiracy by a preponderance at the trial, or (b) at a "mini-hearing," or (c) conditionally subject to connection." *Vinson*, 606 F.2d at 153. The warnings of *Enright* and *Vinson* are well-

heeded, but sufficient facts have been provided to determine preliminarily, for the purposes of admission at trial, whether a conspiracy existed by a preponderance of the evidence. It does.

To prove a conspiracy existed, the government must show: "First, that two or more persons conspired or agreed" to distribute and possess with intent to distribute methamphetamine; "Second, that the defendant knowingly and voluntarily joined the conspiracy." 6th CIR. PATTERN JURY INSTR. CRIM. Chapter 14.05. Agreement "does not require proof of any formal agreement, written or spoken." *Id*. "An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed." *Id*.; *see also United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). "Although mere presence at the crime scene is insufficient to show participation, a defendant's participation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances." *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001).

Sufficient evidence has been presented to conclude by a preponderance of the evidence that Harrington and Morfin willfully agreed to enter into a conspiracy to violate the drug laws. As articulated on the record during the Government's proffer, Harrington did not terminate his participation in the conspiracy following his arrest on August 6, 2014 and his putative cooperation that began that day. In the month that followed Harrington's arrest, he continued to arrange for shipments of methamphetamine from Morfin and make wire transfers to Morfin to compensate him for the drugs.

Harrington's participation in an ongoing conspiracy is further corroborated by two instances where he lied or otherwise misled law enforcement about his whereabouts or why he was in a specific location. On one occasion he called an officer from, supposedly, Jackson, Michigan. But one of Harrington's compatriots revealed that Harrington had actually travelled to

California to retrieve methamphetamine. On another occasion, Harrington was stopped in Saginaw, Michigan and eventually admitted that he was headed to Flint, Michigan to retrieve a shipment of methamphetamine that he had not previously informed law enforcement of.

For the purposes of Rule 801(d)(2)(E), there is sufficient evidence of a conspiracy between Harrington and Morfin to allow the statements to be conditionally admitted at trial. At that time Harrington may challenge them if he believes their exclusion warranted under Rule 801(d)(2)(E).

As for Harrington's motion to compel, it will be denied. Harrington premised his justification for seeking compulsion on the fact that he needed to be able to challenge the statements in advance of trial. That justification, as just explained, is insufficient in light of the Government's proffer. Harrington offers no other grounds to compel the statements. His motion will be denied.

### III.

Second, Harrington has moved to exclude "other acts evidence" pursuant to Federal Rule of Evidence 404(b). Def.'s Mot. Excl., ECF No. 21. He does not identify any specific evidence he seeks to exclude, but would nevertheless like to exclude any Rule 404(b) evidence that the Government may offer.

The Government responds by noting that it has not furnished a Rule 404(b) notice and at this point does not intend to offer other acts evidence.

Accordingly, Harrington's motion is premature and perhaps altogether irrelevant. If the Government furnishes a Rule 404(b) notice, Harrington may renew his argument and tailor it to the specific evidence identified by the Government. Since none has been identified and the

Government has not demonstrated any intent to offer such evidence, Harrington's motion will be denied.

## IV.

Finally, Harrington has moved to sever himself from his new co-defendant, Juan Morfin. He admits that he "does not have knowledge of whether Defendants' claims herein are mutually exclusive requiring severance" and that he "does not have knowledge of whether Juan Morfin's statements implicate Daniel Harrington requiring severance." Def.'s Mot. Sever ¶¶ 4–5, ECF No. 60.

Pursuant to Rule 8 of the Federal Rules of Criminal Procedure, an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . constitute parts of a common scheme or plan." FED. R. CRIM. P. 8. "For the sake of promoting efficiency and avoiding the potential for inconsistent verdicts, joint trials of defendants who are indicted together are actually encouraged rather than discouraged." *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002) (citing *Zafiro v. United States,* 506 U.S. 534, 537 (1993)). Harrington has been indicted jointly with Morfin on charges of conspiring to distribute methamphetamine. ECF No. 54.

Severance of joined defendants is governed by Rule 14 of the Federal Rules of Criminal Procedure. When "a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief justice requires." FED. R. CRIM. P. 14(a). The standard for severance under Rule 14 is not mere prejudice but rather whether "there is a *serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (emphasis added). Such prejudice does not

erect an insurmountable bar to a joint trial; for example, the harm wrought by the prejudice of a joint trial may be cured through a trial court's limiting instructions. *See Cope*, 312 F.3d at 780 (citing *Zafiro*, 506 U.S. at 539).

The prejudice contemplated by Rule 14 can arise where defendants present mutually antagonistic defenses. *See Zafiro*, 506 U.S. at 538. The standard for severance based on mutually antagonistic defenses is a high one. Antagonistic defenses are not *per se* prejudicial. *See Zafiro*, 506 U.S. at 539. For a severance to be granted on these grounds the conflicting defenses must be so antagonistic as to confuse the jury. *See United States v. Vinson*, 606 F.2d 149, 154 (6th Cir. 1979) ("Absent some indication that the antagonism between co-defendants misled or confused the jury, the mere fact that co-defendants attempt to blame each other does not compel severance.") The defendant carries the burden of proving this prejudice and must do so by "making a strong showing of factually specific and compelling prejudice" that "demonstrate[s] the jury's inability to distinguish the evidence relevant to each defendant." *United States v. Benton*, 852 F.2d 1456, 1469 (6th Cir. 1988).

Harrington claims that by being tried with Morfin, the two will present mutually exclusive defenses such that the acquittal of one will necessarily result in the conviction of the other. Harrington does not explain how he reaches this conclusion. A rationale cannot be surmised in light of Harrington's admission that he lacks knowledge of Morfin's defense, Morfin's statements, or whether the two Defendants' defenses are mutually exclusive. Harrington's motion will be denied.

Harrington does argue, as he did in his motion to compel, that his participation in the conspiracy ended on August 6, 2014. As such, any statements made after that date by Morfin are inadmissible under Rule 801(b)(2)(E) and severance is the only way to shield Harrington from

those statements being introduced against Morfin and being used against him. This argument has already been addressed and is, presently, without merit. The Government made an adequate proffer to establish that the conspiracy between Harrington and Morfin was ongoing after August 6, 2014 and, consequently, that any statements by Morfin after that point are conditionally admissible for purposes of Rule 801(d)(2)(E).

**V.**

Accordingly, it is **ORDERED** that Defendant Daniel Jason Harrington's Motion to Compel, ECF No. 19, is **DENIED**.

It is further **ORDERED** that Defendant Daniel Jason Harrington's Motion to Exclude, ECF No. 21, is **DENIED**.

It is further **ORDERED** that Defendant Daniel Jason Harrington's Motion to Sever, ECF No. 60, is **DENIED**.

Dated: June 10, 2016                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2016.

s/KIM GRIMES
Kim Grimes Acting in the Absence of
Michael A. Sian, Case Manager