UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 15-cr-20597

v.                                                      Honorable Thomas L. Ludington

D-1 DANIEL JASON HARRINGTON,

        Defendant.

_____/

**ORDER STRIKING IMPROPERLY FILED MOTION**

On July 12, 2016, Defendant Daniel Harrington personally filed a motion titled "Motion for Ineffective Assistance of Counsel." ECF No. 82. He alleges that his court-appointed attorney has been ineffective in representing him and seeks to have his attorney withdrawn from representing him. On July 25, 2016, Harrington personally filed another motion. This motion is titled "Motion to Remove Multiplicious and Duplicitous Charges." ECF No. 83. Harrington's second motion will be stricken.

"It is well settled that there is no constitutional right to hybrid representation." *United States v. Lowdermilk*, 425 F. App'x 500, 504 (6th Cir. 2011) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n. 12 (6th Cir.2004)) (internal quotation marks omitted). Absent any proof that Mr. Karfonta, Harrington's counsel in this matter, is not able and competent to represent him, pro se appearances will not be entertained. *See Lowdermilk*, 425 F. App'x at 504 (finding no abuse of discretion in denying hybrid representation where defendant's lawyer was "competent and capable."). Harrington alleges in his motion for Mr. Karfonta to withdraw that Mr. Karfonta is not competent to represent him. But that fact has not yet been conclusively

determined, nor has argument on that fact been entertained yet. Thus, Harrington is still represented by counsel.

Generally, litigants must choose between proceeding pro se and proceeding with counsel. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970). The choice of one means of representation precludes reliance on the other. *Id*. Permitting deviation from this rule "is a matter committed to the sound discretion of the trial court." *Id*. Harrington has presented no proof that his defense will be compromised if he is not allowed to proceed *pro se* at this juncture. He also has not yet demonstrated that his counsel is deficient in representing him (and he may be unable to so demonstrate). His second motion will be stricken.

It is further **ORDERED** that Defendant Daniel Harrington's motion to remove charges, ECF No. 83, is **STRICKEN**.

Dated: July 29, 2016                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2016.

                                                  s/Michael A. Sian
                                                  MICHAEL A. SIAN, Case Manager