UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 15-cr-20597

v.                                       Honorable Thomas L. Ludington

D-1 DANIEL JASON HARRINGTON,

        Defendant.

_____/

## ORDER GRANTING MOTION TO WITHDRAW COUNSEL, STRIKING MOTIONS AND REFERRING MATTER TO MAGISTRATE JUDGE FOR APPOINTMENT OF COUNSEL

On September 23, 2015, Defendant Daniel Jason Harrington was indicted with three counts of distribution of methamphetamine and one count of criminal forfeiture. ECF No. 1. On December 9, 2015, a superseding indictment was issued charging Defendant with ten counts related to distribution of methamphetamine and one count of criminal forfeiture. ECF No. 22. On July 12, 2016, Defendant filed a motion for appointment of new counsel. ECF No. 22. Defendant argued that his counsel refused to raise pertinent arguments, investigate discovery, or properly communicate with Defendant. On August 3, 2016, Defendant filed three handwritten motions without his attorney's assistance. ECF Nos. 88–90.

On September 1, 2016, the Court held a motion hearing in open court, with counsel for the Government and Defendant in attendance. After hearing from Defendant, counsel for Defendant, and the Government, the Court stated that it would grant Defendant's motion for appointment of new counsel.

"It is well settled that there is no constitutional right to hybrid representation." *United States v. Lowdermilk*, 425 F. App'x 500, 504 (6th Cir. 2011) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n. 12 (6th Cir.2004)) (internal quotation marks omitted). Generally, litigants must choose between proceeding pro se and proceeding with counsel. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970). The choice of one means of representation precludes reliance on the other. *Id*. Permitting deviation from this rule "is a matter committed to the sound discretion of the trial court." *Id*. Defendant has chosen to request new counsel instead of representing himself. Accordingly, he is precluded from proceeding pro se. Defendant's motions filed pro se will be stricken without prejudice, and Defendant is advised to discuss the merits of those motions with his new attorney.

For the reasons stated on the record it is **ORDERED** that Defendant's Motion for Appointment of New Counsel, ECF No. 82, is **GRANTED**.

It is further **ORDERED** that Attorney Karfonta's appearance on behalf of Defendant Harrington is **TERMINATED.**

It is further **ORDERED** that this matter is **REFERRED** to Magistrate Judge Patricia T. Morris for the purpose of appointing Defendant Harrington new counsel pursuant to the Criminal Justice Act.

It is further **ORDERED** that Defendant Daniel Harrington's pending motions, ECF Nos. 88, 89, 90, are **STRICKEN**.

Dated: September 6, 2016     s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager