UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 15-cr-20597

v.                                      Honorable Thomas L. Ludington

D-1 DANIEL JASON HARRINGTON and
D-3 JUAN GABRIEL MORFIN,

        Defendants.
_____/

**ORDER DENYING MOTION TO SUPPRESS EVIDENCE, MOTION TO SEVER COUNTS, MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT, AND MOTION FOR JOINDER, AND GRANTING MOTION FOR EXTENSION OF DATES**

On September 23, 2015, Defendant Daniel Jason Harrington was indicted with three counts of distribution of methamphetamine and one count of criminal forfeiture. ECF No. 1. On December 9, 2015, a superseding indictment was issued charging Harrington with ten counts related to distribution of methamphetamine and a count of criminal forfeiture. ECF No. 22. On April 14, 2016, a third superseding indictment was filed, again charging Harrington with eleven counts. ECF No. 53. On July 12, 2016, Harrington filed a motion for appointment of new counsel. ECF No. 82. That motion was granted, after a hearing, on September 6, 2016. ECF No. 92. Attorney Russell J. Perry was appointed on September 13, 2016. ECF No. 93. On October 28, Defendant Harrington filed a motion to suppress evidence of a gun and ammunition, a motion to sever counts, and a motion for disclosure of confidential informants. ECF Nos. 97, 98, 99. On November 1, 2016, Defendant Morfin filed a motion for joinder in Defendant Harrington's motion. On November 14, 2016, the Court ordered the Government to respond to Defendant Harrington's motions. For the reasons stated below, the motions will be denied.

**I.**

First, Harrington argues that evidence of a gun and ammunition which law enforcement officers seized from his home should be suppressed. He explains that, when his home was searched, a handgun and box of ammunition was discovered among a codefendant's belongings. Harrington notes that he is charged with various drug-related crimes, but no crimes related to possession or use of a gun. He argues that the evidence of the firearm and ammunition is thus "immaterial and prejudicial beyond any possible probative value." ECF No. 97 at 3. In support, Harrington cites Federal Rule of Evidence 403, which provides that

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*Id.*

Harrington further argues that the evidence is especially prejudicial because he is charged with possessing methamphetamine with intent to distribute in a place where a person under the age of 18 lived.

In response, the Government argues that the firearm and ammunition challenged here is relevant because firearms are recognized tools of the drug trade. The Government cites several cases in support of the proposition that evidence of weapons is relevant to proving intent or a conspiracy to distribute drugs.

District courts have very broad discretion in analyzing evidence under Rule 403. *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A Rule 403 violation occurs if admitting the evidence would "result in 'unfair prejudice' in that 'the evidence [would] suggest a decision on an impermissible basis.'" *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (quoting *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir.1988)). "Unfair prejudice does not mean the

damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *Newsom*, 452 F.3d at 603 (quoting *Bonds*, 12 F.3d at 567).

Despite Harrington's arguments, the gun is potentially relevant to the crimes with which he is charged. In drug conspiracy cases, courts frequently admit guns as evidence of a defendant's "intent to promote and protect the narcotics conspiracy." *See United States v. Marino,* 658 F.2d 1120, 1123 (6th Cir. 1981) (collecting cases). *See also United States v. Watz*, 162 F.3d 1162 (6th Cir. 1998) (same). In *Marino*, the Sixth Circuit affirmed the admission of evidence regarding firearms found in the defendant's suitcase, even though the defendant had not been charged with any gun-related crimes. *Id.* at 1124. Rule 403 allows exclusion of prejudicial evidence, but only if the evidence's "probative value is *substantially* outweighed" by the danger of unfair prejudice. (emphasis added). Harrington has not demonstrated that the risk of prejudice substantially outweighs the evidence's relevance. Harrington argues that the gun was the property of a codefendant. That may be true, but that argument is one to be made at trial. The gun was found in Harrington's home, and thus it is not unreasonable to conclude that the gun was Harrington's, or at least that the gun was meant to protect the Defendants collectively in their alleged drug distribution conspiracy. Harrington also argues that the evidence is especially prejudicial because the Government is alleging that Harrington distributed methamphetamine out of a residence where minors lived. But guns are not so inherently prejudicial as to be inadmissible, when relevant to the crimes charged, any time children are alleged to have been nearby. Further, and to the extent that admission of the evidence would prejudice Harrington, a limiting instruction to the jury at trial will adequately protect Harrington. *See Marino*, 658 F.2d

at 1124 (holding that a limiting instruction adequately protected the defendant from any unfair prejudice).

## II.

Next, Harrington argues that Count 10 of the third superseding indictment should be severed from the other counts. Count 10 charges Harrington with knowingly possessing methamphetamine with an intent to distribute on a premises where a person under the age of 18 was present and resided. Harrington argues that Count 10 is the only count which requires proof that an individual under the age of 18 was present and asserts that Count 10 is logically and factually distinct from the remaining counts.

In opposition to Harrington's motion to sever, the Government argues that Count 1, the conspiracy count, contains "ways and means" allegations, including allegations that Harrington and others conducted their operations out of a home where minors were present. The Government also asserts that Counts 8 and 9 charge Harrington with possessing methamphetamine with the intent to distribute, like Count 10. Thus, the Government argues that Count 10 has elements which are common to other counts.

Pursuant to Federal Rule of Criminal Procedure 8(a), a defendant may be charged in separate counts with multiple offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Courts must liberally construe this joinder rule "to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983). Joinder is appropriate when "'the joinder counts are logically related, and there is a large area of overlapping proof.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001)

(quoting *Wirsing*, 719 F.2d at 862). The Court has discretion to balance Harrington's interest in a fair trial against the public's interest in avoiding unnecessarily duplicative litigation. *Id.* at 513.

Harrington's motion to sever Count 10 will be denied. Although Count 10 does include a distinct element, the Count is logically connected to Harrington's alleged conspiracy to distribute controlled substances. All of the charges Harrington faces arise out of that alleged conspiracy. If Count 10 were severed, the Government would be forced to provide evidence of Harrington's possession and distribution of methamphetamine in both trials. Severing Count 10 would thus substantially increase the public time and expense required to prosecute Harrington. Further, any prejudice that might result from trying Count 10 with the remaining Counts is not significant enough to outweigh the countervailing interest in judicial economy. Harrington has not offered any specific reasons why the jury will be unable to compartmentalize and distinguish the evidence concerning different counts. *See United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002) (rejecting the defendant's argument that unrelated drug and firearm charges had been improperly joined). And any prejudice that might result from the joinder could be minimized by limiting jury instructions at trial. *See id.* at 461 ("[T]he danger of prejudice resulting from improper propensity inferences can be reduced significantly by proper curative instructions."). Harrington's motion to sever will be denied.

## III.

Finally, Harrington moves for disclosure of the identity of the confidential informants which government agents relied upon in obtaining a search warrant for Harrington's residence. The motion alleges the following factual background to the request for relief. Even if the truth of Harrington's representations is assumed, relief is not warranted. Accordingly, the Court will assume for purposes of this motion that Harrington's allegations regarding the investigation are

true. Harrington asserts that the investigation into Harrington's actions began when a confidential source contacted DEA agents in California about drug shipments being made to Michigan. Michigan agents had also received information about drug shipments from a confidential source, potentially the same one who contacted the California agents. Agents asked FedEx to notify them when packages were sent from California to the address in question. On or around August 6, 2014, FedEx informed agents that two packages had been received by the company. An officer with a canine unit investigated the packages, and the dog alerted. After the officer obtained a search warrant for the packages, they were searched. The Government alleges that the search of the packages revealed methamphetamine. Agents then obtained a search warrant for Harrington's residence.

Harrington argues that it "is imperative that the identity of the source be made known to defendant" because the "confidential source may have a bias," may be a codefendant, or may "provide facts regarding defendant's innocence." ECF No. 99 at 4. Harrington also speculates that the confidential source may not be "providing truthful and accurate information." *Id.* According to Harrington, disclosure of the source's identity is essential to a fair trial and to preparation of an effective defense. The Government argues that disclosure of the source's identity is not justified because, even if Harrington could establish bias on the source's part, the search warrant was supported by independently obtained information.

Harrington's motion for disclosure will be denied. "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Harrington has the burden of showing how disclosure would "substantively assist his defense." *Id.* In deciding the motion, the Court must "balance[e] the public interest in protecting the flow of information against the individual's right to prepare

his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* Harrington has not met his burden here. Harrington's motion merely speculates that disclosure of the confidential informant's identity will assist Harrington in preparing for trial. Harrington has provided no basis for the Court to conclude that, should his motion be granted, Harrington would have grounds to challenge the validity of the search warrant. Rather, the confidential informant's information regarding shipments of drugs to Harrington's residence was, allegedly, confirmed by independent searches and investigation. Harrington has provided no basis for challenging either the reliability of the informant or the validity of the search warrant. He has not met his burden of establishing that disclosure of the informant's identity would "substantively assist his defense." *Moore*, 954 F.2d at 381.

### IV.

Defendant Morfin has also filed a motion concurring in Harrington's motions and requesting an extension of time. Because Harrington's motions will be denied, Morfin's motion will be denied to the extent it joins in Harrington's motions. However, Morfin also requests an extension of dates in the case. According to the motion, all parties concur in the request for an extension. Morfin explains that plea negotiations have been delayed because the parties were required to locate and utilize an interpreter. The Court also notes that Harrington was appointed new counsel on September 13, 2016. For those reasons, the Court concludes that an extension would serve the ends of justice. The motion for an extension of dates will be granted.

### V.

- 8 -

Accordingly, it is **ORDERED** that Defendant Harrington's motion to suppress evidence of a gun and ammunition, ECF No. 97, is **DENIED.**

It is further **ORDERED** that Defendant Harrington's motion to sever Count 10, ECF No. 98, is **DENIED.**

It is further **ORDERED** that Defendant Harrington's motion for disclosure of confidential informants, ECF No. 99, is **DENIED.**

It is further **ORDERED** that Defendant Morfin's motion joining Harrington's motion and requesting an extension of dates, ECF No. 100, is **GRANTED in part.**

It is further **ORDERED** that the dates are **RESET** as follows:

| | |
|---|---|
| Motions are due by: | **December 20, 2016** |
| Plea is due by: | **December 27, 2016** |
| Final Pretrial Conference is set for | **January 3, 2017, at 4:00 p.m.** |
| Jury Trial is set for | **January 17, 2017, at 8:30 a.m.** |

It is further **ORDERED** that the time period from November 29, 2016, to January 17, 2017, be **EXCLUDED** for the purpose of computing the time limits under 18 U.S.C. § 3161(h)(7)(A) & (B)(i) & (B)(iv).

Dated: December 2, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

- 9 -

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2016.
>
> s/Michael A. Sian
> MICHAEL A. SIAN, Case Manager