UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 15-cr-20597-01

v.                                     Honorable Thomas L. Ludington

D-1, DANIEL JASON HARRINGTON,

                Defendant.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, DENYING MOTION TO STRIKE

On September 23, 2015, Defendant Daniel Jason Harrington was indicted on three counts of distribution of methamphetamine and one count of criminal forfeiture. ECF No. 1. On April 13, 2016, a superseding indictment was returned charging Harrington with numerous counts related to distribution of methamphetamine and one count of criminal forfeiture. ECF No. 54. On February 7, 2017, Harrington pleaded guilty to Count Eleven of the superseding indictment, which charged him with knowingly possessing methamphetamine with intent to distribute. ECF No. 121. Harrington's Rule 11 plea agreement included an appeal waiver. ECF No. 121 at 8–9.

Despite that waiver, Harrington appealed his sentence. ECF No. 143. The Sixth Circuit granted the Government's motion to dismiss the appeal based on the appeal waiver in Harrington's Rule 11 plea agreement. The court noted that "Harrington does not dispute that his plea hearing comported with Federal Rule of Criminal Procedure 11(b), and he does not argue that he entered the agreement unknowingly or involuntarily." *Id.* at PageID.739. It further held that "where, as here, the 'defendant testified at his plea hearing that he had reviewed the plea agreement with

counsel, that he understood all of the agreement's provisions, and that his guilty plea was not coerced,' a court may only conclude that he entered the 'plea agreement–and accepted the waiver of appellate rights contained therein–knowingly and voluntarily.' *United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004)." *Id.*

Harrington subsequently filed a motion to vacate his sentence under 28 U.S.C. §2255. ECF No. 148. The motion was referred to Magistrate Judge Morris who issued a report recommending that Harrington's motion be denied. ECF No. 163. Harrington subsequently filed twelve objections to Judge Morris's recommendations. ECF No. 168.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Each of Harrington's twelve objections will be addressed in turn.

## A.

Harrington's first objection is that he did not plead guilty to "possessing with intent to distribute 5 grams or more of methamphetamine," but instead pleaded guilty to aiding and abetting. ECF No. 164 at PageID.923. This assertion is contradicted by the Rule 11 Plea Agreement which provides:

> Defendant will enter a plea of guilty to count 11 of the third superseding indictment which charges him with, *aided and abetted by another*, knowingly possessing with intent to distribute 5 grams or more of methamphetamine, also known as crystal meth and Ice, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

ECF No. 121 at PageID.580 (emphasis added). Grammatically, the word "him" is the subject of the sentence and the word "possessing" is the verb. Within the sentence is the phrase "aided and abetted by another." The word "another" is the subject and the words "aided and abetted" are the verbs. Accordingly, Harrington was the party possessing the methamphetamine and another individual was the party aiding and abetting Harrington in his possession of the methamphetamine. Harrington pleaded guilty to possession of methamphetamine with intent to distribute.

**B.**

Harrington's second objection concerns a question asked by his attorney, Mr. Perry, during Harrington's Rule 11 colloquy. After reviewing the plea agreement with Harrington, Judge Morris allowed Mr. Perry to question Harrington in order to "question him as to the factual basis" of the plea agreement. ECF No. 134 at PageID.379. Mr. Perry initially asked Harrington if he was pleading guilty to aiding and abetting others in the possession of methamphetamine. The Government swiftly identified Mr. Perry's mistake. Mr. Perry corrected himself and asked Harrington if he was pleading guilty to possession of methamphetamine.

Harrington contends that he was "blind-sided" by Mr. Perry's statements because "Mr. Perry never took the time with this addition to advise or counsel Petitioner." ECF No. 164 at PageID.924. Petitioner's contention is contradicted by the plea agreement which, as explained above, explicitly stated that Petitioner was pleading guilty to possession of methamphetamine. His contention is further contradicted by the plea hearing transcript which provides:

> MR. PERRY: Mr. Harrington, you are pleading guilty to aiding and abetting known and unknown individuals in the crime of possession of methamphetamine, also known as crystal meth; is that true?
>
> THE DEFENDANT: Yes.
>
> MR. PERRY: And those --
>
> MS. PARKER: Excuse me, it's possession with intent to distribute.
>
> MR. PERRY: I'm sorry, I misspoke. With that clarification; is that true?
>
> THE DEFENDANT: Yes.
>
> MR. PERRY: And this occurred sometime between December 14 -- excuse me, mid-December, 2014, correct?
>
> THE DEFENDANT: Correct.

MR. PERRY: Sometime after that. And you possessed methamphetamine with the intent to distribute part of it, correct?

THE DEFENDANT: Correct.

MR. PERRY: And you also used some of it, correct?

THE DEFENDANT: That's correct.

MR. PERRY: And you possessed at least 5 grams of a mixture --

THE DEFENDANT: Correct.

MR. PERRY: -- or a substance containing methamphetamine, which is also known as crystal meth or Ice; is that correct?

THE DEFENDANT: Correct.

MR. PERRY: Okay.

THE COURT: And at the time you knew it was methamphetamine, right, Mr. Harrington?

THE DEFENDANT: Yes.

ECF No. 134 at PageID.679-681. As demonstrated by the transcript, Mr. Perry corrected his initial misstatement and Harrington affirmed multiple times that he was pleading guilty to possession of methamphetamine.

## C.

Harrington's third objection is that Judge Morris incorrectly characterized his claim as ineffective assistance of counsel, when in reality he was making "a direct attack on the plea contract itself." *Id.* at PageID.926. He claims that both he and the Government were under the mistaken belief that he had two or more drug felonies. Harrington contends that this is significant because the Government indicated that if Harrington set aside the plea agreement, it reserved the right to file additional drug felonies under 21 U.S.C. §851. During the hearing, the Government stated, "The Government did file the notice alleging one drug felony for purposes of 851. We could

allege additional ones if [Petitioner] withdraws the plea…" ECF No. 134 at PageID.669. Later in the hearing, Mr. Perry requested a brief recess in order to more fully explain the situation to Harrington. Following the recess, Mr. Perry explained to the Court:

> MR. PERRY: Your Honor, if I may, though, I want to thank the Court for allowing me an opportunity to have some privacy with my client to further discuss the Rule 11 and to make certain that things were accurate and complete. And even though we've had three occasions before this to go over it, my client did have a question regarding the notice pursuant to 851, and I've explained to him exactly what it says, and he understands that the language there is clear and that, notwithstanding the language, which we've gone over again, he wishes to proceed with the plea; is that correct?
>
> THE DEFENDANT: Correct.

ECF No. 134 at PageID.673.

Harrington's presentence investigation report sets forth multiple drug felony convictions. Harrington testified during the hearing that he understood the 21 U.S.C. §851 Notice. Neither Harrington nor the Government were mistaken regarding Harrington's prior drug convictions.

### D.

Harrington's fourth objection is that Judge Morris "attempts to make it appear as though Petitioner's claims have been previously brought up and denied under direct appeal…" ECF No. 164 at PageID.928. He cites to the Report and Recommendation where Judge Morris outlines the law regarding claims previously brought and denied on appeal. Judge Morris was explaining the law in this portion of her report. She was not stating that Harrington's claims had already been addressed on direct appeal. Accordingly, Harrington's fourth objection will be overruled.

### E.

In his fifth objection, Harrington argues that he should be permitted to contest his sentence. He quotes the Government's statements from the plea hearing, which provide:

As part of this agreement, Harrington reserves the right to contest any role adjustment and both the two-point enhancement for credible threat of violence and the two-point enhancement for obstruction of justice.

Harrington also reserves the right to contend that the probation office has incorrectly scored his February 1998 methamphetamine conviction and his December 2002 drug conviction because, as Harrington claims, those convictions were retroactively reduced to misdemeanors.

ECF No. 134 at PageID.667. Harrington was given the opportunity to contest his sentencing guideline in his sentencing memorandum and during his sentencing hearing. ECF Nos. 132, 134. In fact, Mr. Perry did contest the sentencing guidelines in his sentencing memorandum. ECF No. 132 at PageID.625-626. Any further issue that Harrington had with his sentencing guidelines should have been presented in his appeal, not in a §2255 motion.

**F.**

In his sixth objection, Harrington contends that the Government did not comply with 21 U.S.C. §851 which provides:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. §851. On June 3, 2016, the Government provided a notice of penalty enhancement which provided

Daniel Harrington, defendant herein, has been convicted previously of a felony drug offense. Therefore, upon conviction for a drug offense charged in the present case, the defendant will be subject to the enhanced penalty provisions in the federal criminal code.

ECF No. 80. Additionally, Harrington's plea agreement provides "The defendant agrees that the government has a basis in law and fact for filing the notice alleging that the defendant has a single prior drug felony conviction under 2l U.S.C. §851, and that the filing of that notice increases the

statutory penalties for the defendant." ECF No. 112 at PageID.586. During the sentencing hearing, the Government also referenced Harrington's multiple felony convictions contained within the presentence report. ECF No. 147 at PageID.754. Accordingly, the Government complied with the requirements of 21 U.S.C. §851.

## G.

In his seventh, eighth, and ninth objections, Harrington takes issue with Judge Morris's conclusion that Harrington's "remaining grounds, wherein he complains about his sentence may only be raised on direct appeal." *Id.* at PageID.929. Judge Morris was correct. As stated by the Sixth Circuit, "[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process…" *Grant v. U.S.*, 72 F.3d 503, 506 (6th Cir. 1996). Harrington's claims do not rise to such a level as to merit consideration in a §2255 motion.

## H.

In his tenth objection, Harrington takes issue with Mr. Perry's actions related to an evidentiary hearing which was held to resolve several guideline disputes. ECF No. 147 at PageID.742. The hearing was held on August 9, 2017. The Court ordered a continuation of the hearing until September 21, 2017 to allow the parties to submit supplemental briefing. The next week, Mr. Perry wrote Harrington a letter explaining, "Please be advised that the Court has rescheduled the continuation of the Evidentiary Hearing and the Sentencing Hearing for Thursday, September 21, 2017, at 2:00 p.m." ECF No. 148 at PageID.800.

The Court subsequently cancelled the supplemental briefing and continuation and instead held only the sentencing hearing. In his affidavit, Mr. Perry testified:

> During the sentencing hearing, all witnesses that had a reasonable opportunity to testify in a manner which would benefit the ultimate outcome for the Defendant

were produced and testified. Counsel sought and received from the Court travel expenses for defendant's witnesses to appear and testify on Defendant's behalf at the Sentencing hearing. On the day that sentence was pronounced, all such witnesses had testified and the Government's witnesses were fully cross-examined. The Defendant was very well aware of his right to testify. That opportunity was discussed between the Defendant and counsel at every stage of the Defendant's criminal proceedings. It was counsel's advice that the Defendant exercise his right to remain silent. The Defendant declared unequivocally, at every juncture, that he understood his right to remain silent and that he did not wish to testify.

ECF No. 161-1 at PageID.896-897.

In his objection, Harrington objects to Judge Morris's conclusion that "counsel was not ineffective for failing to conclude an evidentiary hearing." ECF No. 164 at PageID.936. Harrington contends that he was going to testify at the conclusion of the evidentiary hearing. However, he has provided no evidence to call into question Mr. Perry's affidavit and representation that Harrington decided to not testify. Furthermore, as stated by Judge Morris "[e]ven if the choice were made by counsel not to have Petitioner testify, that would be a strategic decision that does not show ineffective assistance." ECF No. 163 at PageID.917. Accordingly, Harrington's tenth objection will be overruled.

## I.

In his eleventh objection, Harrington again contests his guideline calculation, but packages the argument as a claim of ineffective assistance of counsel. This is not permissible. *United States v. Joiner*, 183 F.3d 635, 644 (7th Cir. 1999) ("[G]arden-variety attacks on his sentence he wants to raise [on direct appeal], in the guise of a claim of ineffective assistance of counsel, are exactly the sort of claims he knowingly and intelligently waived his right to present…").

## J.

In his twelfth and third objections, Harrington contends that he rejected the Plea Agreement. He quotes Mr. Perry's affidavit in which Mr. Perry testified

> From the very beginning of my representation and continually until his acceptance of a Rule 11, the Defendant was very, very adamant that he would not accept any plea offers.

ECF No. 161-1 at PageID.895. Harrington only quoted the above sentence in his objection, but the following sentences from Mr. Perry's affidavit demonstrate that Harrington did knowingly consent to a Rule 11 plea agreement. It provides:

> Notwithstanding his position, Counsel made full timely disclosures of any and all possible opportunities to plead pursuant to a Rule 11. Defendant fully read, each and every Rule 11 offered and discussed them with counsel in great detail. He discussed with counsel not only the factual portions but the specific statutes to which he was pleading and the potential sentencing guidelines…The Defendant read everything regarding his case. He was provided with complete discovery and all correspondence regarding his case. He read and discussed with counsel each and every proffered Rule 11. He read and fully vetted every part of the Rule 11 which he signed and under which he plead [sic].

*Id.* at PageID.896. Though Harrington may have initially opposed entering into the plea agreement, he ultimately elected to enter into the plea agreement.

## III.

Harrington filed a motion to strike the Government's response to his objections to Judge Morris's Report and Recommendation. ECF NO. 168. Harrington contends that the Government's filing does not comply with the process for objecting to the Report and Recommendation. However, the Government was not filing objections to the Report and Recommendation. Rather, it was filing a response to Harrington's objections. Filing a response is permissible pursuant to Federal Rule of Civil Procedure 72(b)(2) which provides "A party may respond to another party's objections within 14 days after being served with a copy." The Government complied with this rule. Accordingly, Harrington's motion to strike the Government's response will be denied.

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that…jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Furthermore, Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that Petitioner's objections to the Report and Recommendation, ECF No. 164, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 163, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate his sentence under §2255, ECF No. 148, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

It is further **ORDERED** that Petitioner's motion to strike the Government's response, ECF No. 168, is **DENIED**.

Dated: October 15, 2019                                    s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Daniel Jason Harrington** #51508-039, MCKEAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 8000, BRADFORD, PA 16701 by first class U.S. mail on October 15, 2019.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager